IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DAVID T. TERRELL, SR., | : |
| Petitioner, | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 7:08-CV-71 (HL) |
| ANTHONY WASHINGTON, Warden, | : |
| Respondent. | : |

# RECOMMENDATION

This is a § 2254 action maintained by a state prisoner who is proceeding *pro se*. Presently pending herein is the Respondent's Motion to Dismiss the Petition in which it is alleged that the same was not timely filed within the limits established in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (doc. 9). The limitations period contained in the AEDPA provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review **or the expiration of the time for seeking such review;**
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

      diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

28 U.S.C. § 2244(d).

For purposes of this recommendation, a conviction is "final" when direct review has in fact concluded or the time for seeking further appellate review has expired . Clay v. United States. 537 U.S. 522, 527 (2003). Here, the Georgia Court of Appeals affirmed petitioner's conviction on July 21, 2005, Terrell v. State, 274 Ga. App. 539, 618 S. E. 2d 175 (2005). Under the applicable Rules for the Georgia Court of Appeals and the Supreme Court of Georgia (Rule 38 in both instances) petitioner had ten days from July 21, 2005, in which to either move for reconsideration or file a notice of intent of apply for certiorari to the Georgia Supreme Court. Neither event occurred. Thus at the end of that ten day period the AEDPA one year limitations period began to run against the petitioner. Since July 31, 2005, fell on a Sunday, the limitations period commenced on Monday, August 1, 2005. Petitioner therefore had to file his § 2254 petition by August 1, 2006 or be time barred.

Petitioner did not file his first State Court habeas petition until April 27, 2006, allowing 268 days of the 365 day limitations period to run before tolling[1]. (doc. 11-2, Ex. 1). At the time petitioner filed his state habeas action he had 97 days remaining of the one year limitations period which was tolled during the pendency of the state petition. The state habeas court denied the petition on December 27, 2006. (doc. 11-2, Ex. 2). Pursuant to O.C.G.A. § 9-14-52(b), the

---

[1] In his brief respondent states that petitioner's first state court petition was signed and therefore filed on May 8, 2006, however this petition clearly seems to indicate that it was signed on April 27, 2006.

state habeas petition remained pending until the expiration of the 30 day period allowed petitioner to file his application for a certificate of probable cause to appeal. Petitioner filed no such application, thus the remaining 97 days resumed running on January 27, 2007. The one year AEDPA limitations period therefore expired on May 4, 2007, unless otherwise properly tolled or by the filing of his § 2254 petition prior to that time.

The next activity undertaken by petitioner in this matter occurred 131 days later on June 7, 2007, when he signed and presumably filed a second state habeas petition. (doc. 11-2, Ex. 3). It does not need to be decided here if under certain circumstances a timely filed second habeas petition could further toll the limitations period. Petitioner filed his second petition 34 days after the expiration of the limitations period. Given that petitioner did not sign his § 2254 until May 15, 2008, the same is clearly time barred and must be dismissed unless he is entitled to equitable tolling.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," Steed, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001); *see also* Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). To establish diligence, then, the petitioner must present evidence showing

reasonable efforts to timely file his action. Id. at 1287-89.    Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

Petitioner maintains that the one year limitations period should be equitably tolled because he alleges that he did not learn from his post-conviction attorney until January 13, 2006, that his direct appeal became final on August 1, 2005.  The burden of showing entitlement to equitable tolling clearly rests on the Petitioner.  In order to have any chance at equitable tolling the Petitioner must present evidence of diligence on his part. Drew, 297 F. 3d at 1287-89.  Due to the difficulty of this burden most claims for equitable tolling are judicially denied.  Even if, as Petitioner states, that he did not learn his direct appeal was final until January 13, 2006, he has made absolutely no showing of any diligence on his part between August 1, 2005, and that date. There being no showing of diligence by the Petitioner in this record, this is not a proper case for equitable tolling.

For all of the above reasons it is the RECOMMENDATION of the undersigned that Respondent's Motion to Dismiss be GRANTED as the Petition was not timely filed.

***Petitioner's Motion for Summary Judgment - Doc. 10***

Inasmuch as the petition was untimely filed pursuant to the AEDPA it is the further RECOMMENDATION of the undersigned that Petitioner's Motion for Summary Judgment be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 20th day of January 2009.

>*/s/ Richard L. Hodge*
> RICHARD L. HODGE
> UNITED STATES MAGISTRATE JUDGE